## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

KATE DRAKEWYCK,

      Plaintiff,

v.

DENVER PUBLIC SCHOOLS,

      Defendant.

---

## NOTICE OF REMOVAL

---

PLEASE TAKE NOTICE that Defendant Denver Public Schools ("Defendant" or "DPS"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, hereby removes this action from the District Court, City and County of Denver, State of Colorado ("State Court"), to the United States District Court for the District of Colorado. Defendant states as follows in support of its removal on the basis of federal question jurisdiction under 28 U.S.C. § 1331:

### A. Procedural Background and Timeliness of Removal

1. On December 20, 2021, Plaintiff Kate Drakewyck ("Plaintiff") filed a Complaint ("Complaint," attached as Exhibit A), captioned *Kate Drakewyck v. Denver Public Schools*, Case No. 21CV571 (the "Lawsuit").

2. On December 21, 2021, Defendant received copies of the Complaint, District Court

Civil (CV) Case Cover Sheet (Exhibit C), and Summons (Exhibit E).[1]

3.      On December 21, 2021, the State Court issued its Finding and Order Concerning Payment of Filing Fees, finding that Ms. Drakewyck is "Not Eligible to proceed" with her claim because she "is responsible for payment of the filing fees," which she had not done. (Exhibit G). The Court ordered Plaintiff to either submit three months of pay stubs and bank statements, or pay the case filing fee by January 18, 2022, or the case could be closed. *Id*.

4.      On January 10, 2022, Defendant filed a Motion for Extension of time to Respond to Plaintiff's Complaint to allow Plaintiff to comply with the Court's December 21, 2021 Order. (Exhibit L). On January 19, 2022, the State Court granted Defendant's Motion, allowing Plaintiff until February 15, 2022 to pay the initial case filing fee, and ordering Defendant to answer or otherwise respond to Plaintiff's Complaint by February 16, 2022. (Exhibit Q).

5.      On February 17, 2022, the State Court entered its Order of Dismissal because Plaintiff failed to file the required filing fees, as ordered, and dismissed the case. (Exhibit T).

6.      On March 1, 2022, Plaintiff filed a Request to Reconsider Order of Dismissal, stating that she mailed a check dated February 11, 2022 to the Court, and requested that the case move forward. (Exhibit W).

7.      On April 6, 2022, the Court entered its Order on Plaintiff's Request to Reconsider Order of Dismissal, stating that "[i]t appears that Plaintiff paid the requisite filing fee timely," and vacated its Order dismissing the case, and ordered Defendant to respond to Plaintiff's Complaint within 21 days. (Exhibit X).

---

[1] Defendant notes that on January 12, 2022, Plaintiff filed a Return of Service indicating that the Complaint, Cover Sheet and Summons was served on December 20, 2021. *See* Exhibit O.

8.      In light of the Court's Order, Plaintiff's Complaint was deemed filed and accepted as of April 6, 2022. "In Colorado, a case cannot proceed to a determination of the issues without payment of the docket fee." *Broker H. Intern., Ltd. v. Bendelow*, 952 P.2d 860, 863 (Colo. App. 1998) (quoting *Carls Construction, Inc. v. Gigliotti,* 40 Colo. App. 535, 577 P.2d 1107 (1978)). Plaintiff's Complaint was not filed for purposes of the removal statute until the filing fee was paid on February 15, 2022. *Id*. (affirming the trial court's ruling that "plaintiff's complaint was not filed for purposes of the statute of limitations until the filing fee was paid on April 15, 1996").

9.      Further, good cause exists to accept Defendant's Notice of Removal at this time because Plaintiff's lawsuit could not proceed until her payment of the initial case filing fee. *See Broker H. Intern., Ltd.*, 952 P.2d at 863. For equitable reasons, courts permit extension of time for removal. *See Wise Co., Inc. v. Daily Bread, LLC*, 2:11-CV-00868-CW, 2012 WL 681789, at *3 (D. Utah Feb. 29, 2012). It would be inequitable to require Defendant to defend itself against a lawsuit that has not been accepted as filed because of Plaintiff's repeated attempts to avoid her requirement to pay the initial case filing fee. In light of Plaintiff's repeated failures to pay the initial case filing fee to commence an action against Defendant, exceptional circumstances exist to permit the Court's acceptance of Defendant's notice of removal, after the Court initially dismissed Plaintiff's Complaint but subsequently vacated its Order of Dismissal after accepting Plaintiff's filing fee in the State Court action. *See Doe v. Kerwood*, 969 F.2d 165, 169 (5th Cir.1992) (stating that "exceptional circumstances" might exist that would permit courts to use their equitable power to allow an untimely removal to stand); *Vogel v. U.S. Office Prod. Co.*, 56 F.Supp.2d 859 (W.D.Mich.1999) *rev'd on other grounds,* 258 F.3d 509 (6th Cir.2001) ("a showing of exceptional circumstances may result in some degree of excuse from the time limits contained in § 1446.").

10.     Plaintiff's Complaint alleges at least three causes of action arising under federal law, making the case removable to federal court.

11.     Defendant files this Notice of Removal within thirty days of the date in which it received notice that Plaintiff submitted her initial case filing fee. (*See* Exhibit X). Accordingly, this Notice of Removal is timely. *See* 28 U.S.C. §§ 1446(b)(1), (3).

**B.  Plaintiff's Complaint is Properly Removable Based on Federal Question Jurisdiction**

12.     This action is properly removable to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(b)(1) because it is an action over which the District Courts of the United States have original federal jurisdiction under 28 U.S.C. § 1331.

13.     The right to remove a case to federal court is determined from allegations set forth in the initial pleading that federal jurisdiction is available. *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998). A claim arises under federal law when the plaintiff's statement of her own causes of action show that her causes of action are based upon federal law or the United States Constitution. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003); *see also* 28 U.S.C. § 1331. In her Complaint, Plaintiff asserts claims of sexual discrimination, harassment, and retaliation, appearing to arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), relating to her employment, and the termination thereof, with Defendant. Plaintiff previously filed a Charge of Discrimination with the Equal Employment Opportunity Commission, claiming that she has been "discriminated against due to my sex, female, in that I was discriminated due to my sexual orientation, and in retaliation for engaging in protected activities in violation of Title VII of the Civil Rights Act of 1964, as amended." (*See* Exhibit A).

14.     Title VII provides protection to employees against discrimination in employment

on the basis of race, color, religion, sex, or national origin.  42 U.S.C. § 2000e–2(a)(1). "Title VII's anti-retaliation provision prohibits an employer from 'discriminat[ing]' against an employee because that employee has 'opposed' discrimination in the workplace, or because that employee has 'participated ... in an investigation, proceeding, or hearing under this subchapter.'" *Aquilino v. University of Kan.,* 268 F.3d 930, 932 (10th Cir.2001) (citing 42 U.S.C. § 2000e 3(a)).

15.     Plaintiff's Title VII claims arise under the Constitution and laws of the United States for purposes of 28 U.S.C. § 1331, and accordingly this Court may properly exercise jurisdiction over the Lawsuit.

16.     To the extent Plaintiff also brings state law claims, such claims fall under this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 and are properly removable with her federal claims pursuant to 28 U.S.C. § 1441(c)(1).

**C.  Defendant's Removal Complies with 28 U.S.C. § 1446**

17.     This action is properly filed in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1446(a) because the District Court, City and County of Denver, State of Colorado is located in this federal judicial district. *See* 28 U.S.C. § 85 ("Colorado constitutes one judicial district").

18.     The Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

19.     In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders filed in the State Court are attached to this Notice of Removal as Exhibits A-AA.

20.     Promptly after filing this Notice of Removal, Defendant is filing written notice of

this Notice of Removal to Plaintiff and filing a copy of this Notice of Removal with the Clerk of the District Court, Denver County, State of Colorado, a copy of which is attached as Exhibit BB. *See* 28 U.S.C. § 1446(d). Such State Court filing shall effect the removal.

21.     Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever, or that the damages Plaintiff seeks may be properly sought.

**D.     Conclusion**

WHEREFORE, Defendant Denver Public Schools respectfully removes this action from the District Court, City and County of Denver, State of Colorado, to the United States District Court for the District of Colorado, based on federal question jurisdiction.

Dated: April 27, 2022.

SEMPLE, FARRINGTON, EVERALL & CASE, P.C.

By*: s/  M. Johnathan Koonce*
            M. Brent Case
            M. Johnathan Koonce
            1120 Lincoln Street, Suite 1308
            Denver, CO  80203
            (303) 595-0941
            bcase@semplelaw.com
            jkoonce@semplelaw.com

            ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of April, 2022, a correct copy of the foregoing **NOTICE OF REMOVAL** was filed via the Court's CM/ECF system and served via U.S. Mail, postage prepaid, on the following:

Kate Drakewyck
P.O Box 140114
Lakewood, CO 80214

*Pro Se Plaintiff*

By: *s/  Elaine Montoya*_____