IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 1:22-cv-01027-RMR-SKC

KATE DRAKEWYCK,

    Plaintiff,

v.

DENVER PUBLIC SCHOOLS,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S REQUEST UNDER RULE 12(E)
FOR A MORE DEFINITE STATEMENT [DKT. 11]**

---

Before the Court on referral is Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, and alternatively, under Rule 12(e) for a more definite statement. [Dkt. 11.] Plaintiff, appearing pro se, responded by opposing the Motion.[1] [Dkt. 13.] The Court carefully reviewed the Motion, Plaintiff's Complaint, applicable law, and the parties' briefing. No hearing is necessary.

For the reasons discussed below, the Court GRANTS the Motion on its alternative request for a more definite statement under Rule 12(e), and ORDERS

---

[1] Without acting as an advocate, the Court liberally construes Plaintiff's Complaint and responsive brief. *See Lawrence v. Polis*, 505 F. Supp. 3d 1136, 1141 n.5 (D. Colo. 2020) (liberally construing a pro se plaintiff's pleadings). The Court has liberally construed Plaintiff's "Motion to Dismiss Defendant's Motion to Dismiss and Enter Judgement (sic) in Favor of the Plaintiff" [Dkt. 13] as Plaintiff's response opposing Defendant's Motion to Dismiss.

Plaintiff to file an amended complaint to provide a more definite statement.[2] Further, as discussed more fully below, Plaintiff's amended complaint should, at a minimum, identify the specific federal or state statutes she is suing under (for example, Title VII, the Colorado Anti-discrimination Act, etc.), her specific legal claims (for example, sexual harassment, hostile work environment, sex discrimination, etc.), and more specifically plead the who, what, when, where, how and why of the facts in support of her legal claims.

## Background

Plaintiff, a former schoolteacher, sued Defendant for firing her allegedly in retaliation over her complaints to human resources (HR) that a co-worker bullied and sexually harassed or discriminated against her. [Dkt. 2 pp. 3-4.] When she filed her case, she did so in the state district court in Denver. Defendant subsequently removed the case to this federal district court.

The Complaint is typed on a state-court-form and contains two pages of allegations (the third page is the signature page only). [Dkt. 2.] Included with Plaintiff's state court complaint are numerous exhibits which appear to variously include additional allegations in support of her claims. [Dkts. 2; 1-6 pp. 1-5.] The Complaint is titled: "Complaint of Sexual Discrimination against the Plaintiff Leading to Retaliation Against Her and in Her Wrongful Termination Plus Putting Plaintiff in Further Danger from the Bully[.]"

---

[2] As a result of this Order, the Court finds the alternative request for dismissal under rule 12(b)(6) as moot.

## Legal Standard

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The party moving for a more definite statement "must point out the defects complained of and the details desired." *Id.*

Motions under this rule are proper "only in cases where the movant cannot reasonably be required to frame an answer or other responsive pleading to the pleading in question." Fed. R. Civ. P. 12(e) advisory committee's note (1946 amend.). Requiring a more definite statement is also appropriate when addressing unintelligible or confusing pleadings. *May v. Rottinghaus Co., Inc.*, 394 F. Supp. 3d 1334, 1338 (D. Kan. 2019). However, a motion for a more definite statement should not be granted merely because the pleading lacks detail; rather, "the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission." *Emp'rs Mut. Cas. Co. v. Downey Excavation, Inc.*, No. 10-cv-02043-MSK-KMT, 2011 WL 1335839, at *1 (D. Colo. Apr. 7, 2011) (quoting *Advantage Homebuilding, LLC v. Assurance Co. of Am.*, No. 03-2426-KHV, 2004 WL 433914, at *1 (D. Kan. Mar. 5, 2004)). The decision whether to grant or deny a motion under Rule 12(e) is within the sound discretion of the court. *Graham v. Prudential Home Mortg. Co., Inc.*, 186 F.R.D. 651, 653 (D. Kan. 1999).

## Analysis

Defendant's request under Rule 12(e) identifies the defects in the Complaint.

3

Defendant argues the Complaint lacks allegations of the specific conduct at issue, when it occurred, and what specific legal right Plaintiff believes Defendant violated. [Dkt. 11, p.14.] The Court agrees.

Even giving the Complaint a liberal construction, as the Court must, the Complaint's allegations of bullying and sexual harassment/discrimination are too vague. The Complaint does not describe the exact bullying or harassing behavior, provides no specific dates of when this conduct occurred, nor identifies the bully or bullies who engaged in that behavior at any particular time. The Court understands Plaintiff drafted the Complaint without representation or assistance from counsel, but the Complaint is a stream-of-conscious narrative that mentions things Plaintiff experienced during her employment, but only in a vague and general sense. It also fails to identify the specific federal or state statutes upon which her claims rely (although the Court liberally construes the Complaint to raise some semblance of Title VII claims, at a minimum), or any common law claims she is attempting to assert. For these reasons, the Court finds the Complaint to be so unintelligible or confusing that Defendant cannot reasonably or fairly respond to the allegations in the Complaint in the form of denials or admissions.[3] *Emp'rs Mut. Cas. Co.*, 2011 WL 1335839, at *1.

The Court acknowledges Plaintiff is not represented by counsel in this case,

---

[3] While Fed. R. Civ. P. 8(a)(2) only requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief," the Complaint here is so short and so plain it is unintelligible for purposes of allowing Defendant to appropriately admit or deny the allegations.

4

but even so, she is held to the same standard as counsel—pro se parties must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). And as Defendant points out, the Tenth Circuit encourages district courts to "helpfully advise a pro se litigant that, to state a claim in federal court, a complaint must explain what each defendant did to him or her, when the defendant did it, how the defendant's action harmed him or her, and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Moreover, while Plaintiff's Complaint attached various documents which may shed light on some of the detail lacking in the Complaint itself, it is not the Court's function to cobble the details together from other records. *Kerman-Ray of the House of Carr v. City & Cnty. of Denver*, No. 16-CV-01705-RM-NYW, 2016 WL 7178320, at *2 (D. Colo. Dec. 8, 2016) ("Perhaps the bases for each claim against each Defendant may be cobbled together through Claimants' exhibits coupled with the amended complaint, but it is not the Court's task to attempt to do so.").

\*       \*       \*

For all of these reasons, the Court **GRANTS** Defendant's alternative request for a more definite statement. The Motion to Dismiss under Rule 12(b)(1) is rendered MOOT as a result.

**IT IS ORDERED** that Plaintiff file an amended complaint that explains in more definite terms what each person did to her, when each person did it, how those actions harmed her, and what specific legal right(s) Plaintiff believes Defendant

violated or is liable for.

The Court **FURTHER ORDERS** that Plaintiff use the United States District Court for the District of Colorado's, Employment Discrimination Complaint Form—a PDF and Word version of the form is available here: http://www.cod.uscourts.gov/CourtOperations/RulesProcedures/Forms.aspx

**IT IS ALSO ORDERED** that Plaintiff file her amended complaint in compliance with this Order **by no later than March 24, 2022**.

Lastly, since Plaintiff is not represented by counsel, the Court would like to make her aware of a couple of resources available to people representing themselves in the U.S. District Court for the District of Colorado. The first is the **Federal Pro Se Clinic**, which provides free legal assistance to people representing themselves in the U.S. District Court for the District of Colorado. The Clinic helps to prepare responsive pleadings, provides assistance with other common pleadings, answers procedural questions, and explains legal concepts such as jurisdiction, venue, and service of process.[4] Plaintiff may contact the Clinic by phone (303-380-8786) or online at www.cobar.org/cofederalproseclinic.

The second is the **Federal Limited Appearance Program (FLAP)**. FLAP aims to address the difficulty pro se parties in civil litigation sometimes face when appearing in court for certain non-dispositive hearings or conferences—such as scheduling conferences, status conferences, discovery hearings, and settlement

---

[4] The Court generally understands the Clinic may assist Plaintiff to understand what is required by this Order and assist her with review and advice concerning the content of her amended complaint to help make sure it complies with this Order.

conferences—by providing those litigants with a volunteer attorney who appears with them in court. Information about FLAP may be found online at www.cobar.org/For-Members/Young-Lawyers-Division/YLD-Application.

DATED: March 2, 2023.     BY THE COURT:

S. Kato Crews
United States Magistrate Judge

## ADVISEMENT

**Rule 72(a) of the Federal Rules of Civil Procedure provides when a pretrial matter not dispositive of a party's claim or defense is referred to a Magistrate Judge, the Magistrate Judge must issue a written order stating the decision. Within 14 days after service of a copy of this Order, any party may serve and file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a). Failure to file written objections will result in a waiver of the right to appeal the non-dispositive order. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, such as when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").**